Childers v. Hubbell.

[No. 1331, August 9, 1910.]

CARRIE M. CHILDERS, Executrix, Appellant, v. FRANK A. HUBBELL, Appellee.

### SYLLABUS (BY THE COURT.)

1. It is the duty of the court to direct a verdict where in the exercise of a sound judicial discretion it would be called upon to set aside a contrary verdict. Gildersleeve v. Atkinson, 6 N. M. 250, followed.

2. Under Comp. Laws, Sec. 3021, requiring corroboration of the claimant's testimony in a suit against the executor of a deceased person, there was error in allowing the item of $500 in defendant's counter claim.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed upon remittitur.

SUMMERS BURKHART for Appellant.

There was no evidence to support defendant's counter claim for money paid to the Bank of Commerce, and if it be held that there was such evidence, there was no corroboration of it as required by section 3021, C. L. 1897. Gildersleeve v. Atkinson, 6 N. M. 260; Byert v. Robinson, 9 N. M. 432.

The court erred in instructing for appellee. U. S. v. Gumm, 9 N. M. 617.

MARRON & WOOD for Appellee.

There was ample corroboration of the defendant's evidence. Gildersleeve v. Atkinson, 6 N. M. 250, 260.

The possession of these checks by the defendant, endorsed by him as chairman, proved *prima facie* his ownership of the checks, and that he had paid full value for them. Leitensdorfer v. Webb, 1 N. M. 34 at 51; Negotiable Inst. Law, secs. 52-59.

Where there is no evidence for the jury to pass upon,

or where the evidence is of such a character that the court, in the exercise of its sound judicial discretion, would be called upon to set aside the verdict and grant a new trial, if found in favor of one party rather than the other, "it is the right and duty of the judge to direct the jury to find according to the views of the court. Gildersleeve v. Atkinson, 6 N. M. 250-265; 6 Enc. Pl. & Pr. 679, and cases cited.

The errors complained of by the appellant, if any, have been waived and are not before the court for review. Laws 1907, ch. 57, sec. 37; Anderson v. Territory, 4 N. Mex. 108; Territory v. Christman, 9 N. Mex. 582; Raper v. Amer. Tin Plate Co., 156 Ind. 323; Klots v. Penton, 101 Mo. 213; Norres v. Evans, Kas., 18 Pac. 818; Chavez v. Meyer, 85 Pac. 233; Nashville, etc., Co. v. Moore, Ala. 41 So. 984; Whitaker v. Nichols, 87 Pac. 865; Ottawa Ry. Co. v. McMath, 91 Ill. 104; Ft. Scott Ry. Co. v. Jones, 48 Kas. 51; Wolcott v. Backman, 3 Wyo. 335; Braman v. Record, 42 Ind. 181.

The facts are stated in the opinion.

POPE, C. J.—The appellant as executrix of the last will of William B. Childers brought suit against Hubbell, for $6,000 for professional services alleged to have been rendered by Childers to Hubbell. The latter filed a counter claim praying judgment for $710. On the trial appellant entered a dismissal and the cause proceeded upon the counter claim with the result that the court instructed the jury to find for defendant in the full amount sued for. The correctness of this ruling is the question controlling this appeal.

The counter claim proceeded upon two items: One for $500 being an amount which defendant alleges that he "at the request and by the direction of the said William B. Childers paid, laid out and expended for and on behalf of said Wm. B. Childers to the Bank of Commerce of the City of Albuquerque, the sum of $500 being the amount of two checks given by the said William B. Childers to this defendant as chairman of the republican committee of Ber-

nalillo County which said sum the said William B. Childers promised and agreed to repay to this defendant," and the other being for fifteen tons of hay and alfalfa alleged to have been sold and delivered to said Childers during the year 1908. It is claimed by appellant that as to the first of these items the peremptory instruction was wrong because there was no corroboration of the testimony of the cross plaintiff as required, in cases of claims against deceased persons, by C. L. Sec. 3021, and that as to the second such instruction was wrong because there was a conflict of evidence which should have gone to the jury. Dealing with the assignments in inverse order we hold the latter not well taken. The testimony for Hubbell is positive to the effect that the hay was delivered. The opposing evidence is negative in character and is so vague and uncertain as in our judgment not to raise any substantial issue. The case was thus within the rule announced by this court in Gildersleeve v. Atkinson, 6 N. M. 250, to the effect that it is the duty of the court to direct a verdict where in the exercise of a sound judicial discretion it would be called upon to set aside a contrary verdict. We hold therefore that the trial judge did not err in directing a verdict on this branch of the case.

The remaining assignment is a more serious one. Our statute on the subject (C. L. Sec. 3021) proceeds: "In a suit by or against the heirs, executors, administrators, or assigns of a deceased person, an opposite or interested party to the suit shall not obtain a verdict, judgment or decision therein, on his own evidence, in respect of any matter occurring before the death of the deceased person, unless such evidence is corroborated by some other material evidence."

The corroboration thus required has been defined by this court as follows: "Corroborating evidence is such evidence as tends, in some degree, of its own strength and independently, to support some essential allegation or issue raised by the pleadings testified to by the witness whose evidence is sought to be corroborated, which allegation or issue, if unsupported, would be fatal to the case; and such corroborating evidence must of itself, without the aid of any other

Childers v. Hubbell.

evidence, exhibit its corroborative character by pointing with reasonable certainty to the allegation or issue which it supports. And such evidence will not be material unless the evidence sought to be corroborated itself supports the allegation or point in issue." Gildersleeve v. Atkinson, 6 N. M. 250, 260.

This statute has been further considered and construed in Radcliffe v. Chaves, decided at the present term. Bearing in mind that this is a suit not upon the checks mentioned above, but upon the contract to repay implied from the payment of money for Childers at his request, is there any evidence aside from Hubbell's tending to support "some essential allegation" raised by the pleadings? These latter essentials are that Hubbell (a) at the request and by the direction of Childers (b) paid on the latter's behalf to the Bank of Commerce (c) the sum of five hundred dollars.

The testimony of Hubbell so far as corroborated shows that Childers gave Hubbell two checks of $250 each. These were left by Hubbell in the Bank of Commerce for collection, but were never carried into Hubbell's account and later on were returned unpaid to Hubbell in whose possession they have remained. Beyond this the uncorroborated testimony of Hubbell is that the checks were contributions to the then current political campaign; that at the end of the campaign there was an overdraft of some $5,000 at said bank on his account as chairman of the campaign committee; that he asked Childers to pay the checks, presumably in order that by application of the proceeds to the overdraft it might be decreased; that Childers requested him to pay the overdraft and take up the checks, holding the checks until he (Childers) could pay them off. Hubbell paid the overdrafts, still leaving the checks for collection. Some time later they were returned to him by the bank.

We find in the foregoing none of the element of corroboration necessary under the statute. Recurring to the material allegations above outlined, there is no corroboration of these in any material respect. There is no corroboration of the claim that he paid any money to the

bank at Childers' request. Indeed Hubbell's own state-
ment is that the amount paid was not on behalf of Child-
ers, since the Childers checks had never been carried into
Hubbell's account as chairman, but such payment was of
an overdraft on his (Hubbell's) account as chairman and
therefore on behalf of the committee rather than of
Childers. Counsel for appellee contends that the posses-
sion of the checks by Hubbell affords the necessary cor-
roboration. But we find no such significance in the fact.
Under Hubbell's statement of his arrangement with Child-
ers he was, it is true, to hold the checks if he paid the over-
draft. But equally was he entitled to the possession of
the checks had he not paid the overdraft. The checks be-
ing payable to his order and having been left for collec-
tion the regular course of business required their return
to him if unpaid. Since necessarily they came back to
him whether he paid the committee's overdraft or not,
their possession by him affords no proof of such payment
nor of any payment on behalf of Childers. Failing there-
fore to find in the only circumstance relied upon by ap-
pellee's counsel or in any other testimony appearing
in the record any corroboration of appellee's claim
the cause must, as to this item, be reversed.

Counsel for appellee having upon the argument asked
that in the event of an adverse ruling upon either of these
items he be given the privilege of a remittitur, it is the
decision of the court that if the appellee shall within
twenty days from this date file a remittitur of $500 on the
judgment awarded, then the latter shall stand modified
so as to run for $210 and as so modified shall stand affirmed
with costs; otherwise the cause to stand reversed and re-
manded with direction for a new trial.

(The above judgment as to costs is modified by the
opinion in case No. 1263, King v. Tabor.)